United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2004

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-70044

DOMINIQUE JEROME GREEN,

Plaintiff-Appellee,

versus

HARRIS COUNTY, District Attorney's Office;
HOUSTON POLICE DEPARTMENT; DOUG DRETKE, Director,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Texas
(H-04-4086)

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:

Dominique Green's execution is set for today, 26 October 2004. Claiming documents found in the Houston, Texas, Police Department Crime Lab *may* have some bearing on his case, Green filed, *inter alia*, a civil rights action in district court pursuant to 42 U.S.C. § 1983. The district court held correctly: the requested relief can be obtained only through a successive habeas petition; and it lacked jurisdiction, because this court had *not* granted Green the requisite authorization to file a successive petition in district court. *See* 28 U.S.C. § 2244(b)(3).

Today, however, the district court granted a stay of execution, giving Green 14 days to request such authorization from our court. The State appeals from that stay-order, seeking to have it vacated. Green has responded, but has neither filed a notice of appeal nor applied for authorization to file a successive habeas petition.

The motion to vacate the stay is **GRANTED**. The district court, lacking jurisdiction over Green's claimed § 1983 action (successive habeas petition), lacked jurisdiction to grant the stay. *See Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir. 2003). In the alternative, there is no likelihood that Green will succeed on the merits: the claim he seeks to present is procedurally barred, the Texas Court of Criminal Appeals today having dismissed his state successive habeas petition for abuse of the writ, *Ex Parte Dominique Jerome Green*, WR-45,219-03; and, in the alternative, Green cannot meet the requirements for making the requisite *prima facie* showing in order to be permitted to file a successive habeas petition, *see, e.g.,* 28 U.S.C. § 2244(b)(2)(B); *Green v. State*, 934 S.W. 2d 92 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1200 (1997).

*STAY VACATED*

2

*DeMOSS, specially concurring:*

*Because the district court was "without jurisdiction to consider a request for stay of execution in connection with a successive habeas petition in the absence of express authorization from this Court pursuant to 28 U.S.C. § 2244(b)(3)," Kuttzner v. Cockrell, 303 F.3d 333, 338 (5th Cir. 2002), I believe we are without appellate jurisdiction to consider the State's notice of appeal and subsequent motion to vacate the district court's order granting Green a stay. Accordingly, our order should not be a granting of the State's motion to vacate (a motion over which we have no jurisdiction), but rather an order dissolving the stay solely on the basis that the district court lacked the jurisdiction to do so.*